Kerry C. Fowler (State Bar No. 228982)
kcfowler@jonesday.com
Christopher K. Spiers (State Bar No. 300613)
cspiers@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Attorneys for Defendant
Experian Information Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD NOMAN SHAIKH,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and Does 1-10,<br><br>Defendant. | Case No. 4:17-cv-6486<br><br>[Removal of Alameda County Superior Court, Case No. RG17872602]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>Complaint Filed: August 22, 2017 |

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant Experian Information Solutions, Inc. ("Experian") hereby files this Notice of Removal of the above-captioned action to this United States District Court and states as follows:

1.     Experian is the only named Defendant in Civil Action No. RG17872602 filed by Plaintiff Mohammad Noman Shaikh ("Plaintiff") in the

Superior Court of the State of California for the County of Alameda (the "State Court").

2.      The Complaint in the State Court Action was filed with the Clerk of the Superior Court of the State of California for the County of Alameda on August 22, 2017.  Plaintiff served Experian with the Summons and Complaint in the State Court Action on October 13, 2017.

3.      This Notice is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4.      This United States District Court is the proper district court for removal because the State Court Action is pending within this district.

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Experian in the State Court Action is attached hereto as Exhibit A.  The attached documents are the only pleadings currently on the docket in the State Court Action.

6.      Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.  Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7.      The claims for relief against Experian alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*.  Thus, this court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

8.      This Court also has supplemental jurisdiction over Plaintiff's state

1   and/or common law claims, including claims brought under the California

2   Consumer Credit Reporting Agencies Act ("CCCRA"), Cal. Civ. Code §§1785.1-

3   1787.3, because these claims are so related to Plaintiff's federal question claims

4   that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

5          9.     Promptly after the filing of this Notice of Removal, Experian shall

6   provide notice of the removal to Plaintiff, and shall file a copy of this Notice with

7   the clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

8   Dated: November 8, 2017                    Respectfully submitted,

9

10                                             JONES DAY

11

12                                             By: */s/ Christopher K. Spiers*
                                                   Christopher K. Spiers

13                                             Attorneys for Defendant
                                               EXPERIAN INFORMATION
14                                             SOLUTIONS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
10/13/2017
CT Log Number 532103234

TO: Jason Engel, Senior Vice President & General Counsel
Experian
475 Anton Blvd Bldg D
Costa Mesa, CA 92626-7037

RE: **Process Served in California**

FOR: Experian Information Solutions, Inc.  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mohammad Nomax Shaikh, Pltf. vs. EXPERIAN INFORMATION SOLUTIONS, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG17872602 |
| **NATURE OF ACTION:** | Experian is Regulated as a Consumer Reporting Agency Under the Federal and California Credit Reporting Laws |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/13/2017 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | RONALD WILCOX<br>Wilcox Law Firm, PC<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>408-296-0400 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0111454268 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Fax Server          8/23/2017 10:21:47 AM   PAGE   1/001   Fax Server

10-13-17 3:00pm

From: Ben Dupre    Fax: (408) 727-5310    To:    Fax: (610) 207-5739    Page 3 of 21 08/22/2017 2:33 PM

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Experian Information Solutions, Inc. and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Mohammad Noman Shaikh

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br><br>FILED BY FAX<br>ALAMEDA COUNTY<br><br>August 22, 2017<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Dajuana Turner, Deputy</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, Alameda County, 661 Washington Street, Oakland, CA 94607

CASE NUMBER:
*(Número del Caso)*
**RG17872602**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben Dupre, bendupre@gmail.com, 408-874-5300

DATE:         August 22, 2017            Clerk, by _____, Deputy
*(Fecha)*                                *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Experian Information Solutions, Inc.
   under [X] CCP 416.10 (corporation)              [  ] CCP 416.60 (minor)
         [  ] CCP 416.20 (defunct corporation)      [  ] CCP 416.70 (conservatee)
         [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
         [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 │ RONALD WILCOX, Bar No. 176601
Wilcox Law Firm, PC
2 │ 2021 The Alameda, Suite 200
San Jose, CA 95126
3 │ Tel: 408-296-0400
Fax: 408-296-0486
4 │ ronaldwilcox@gmail.com

5

6 │ BEN DUPRE, Bar No. 231191
Dupre Law Firm, P.C.
3567 Benton St. #171
7 │ Santa Clara, CA 95050
Tel: 408-874-5300
8 │ Fax: 408-727-5310
bendupre@gmail.com

9

Counsel for the Plaintiff

10

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11

**COUNTY OF ALAMEDA (UNLIMITED JURISDICTION)**

12

| | |
|---|---|
| MOHAMMAD NOMAN SHAIKH, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| EXPERIAN INFORMATION SOLUTIONS, INC and Does 1-10. | |
| Defendant. | |

**FILED BY FAX**
ALAMEDA COUNTY

August 22, 2017

CLERK OF
THE SUPERIOR COURT
By Dajuana Turner, Deputy

CASE NUMBER:
**RG17872602**

COMPLAINT

# I. <u>INTRODUCTION</u>

1. Credit bureau, Experian has repeatedly been put on notice that its procedures, including gathering, compiling and sharing personal and sensitive background information with third parties, are faulty and causing grave and widespread harm to innocent people. This is specifically true regarding its services in compiling criminal background checks and U.S. **and global terrorist watch lists**. Further compounding the problem, Experian conceals this devastating information it is publishing and reporting to others, from the very consumers it is reporting about.

2. Experian has a history, business plan, and/or practice of unlawful credit reporting practices.[1]

3. Experian falsely and recklessly reported that Plaintiff, Mohammad Noman Shaikh was a possible specially designated **global terrorist** listed on the **United States terrorist watch list** that identifies narcotic traffickers, terrorists, and money launderers (the "OFAC" terrorist watch list[2]). Because of Experian's false and reckless reporting, Mr. Shaikh walks around living with the label as possibly being a "**specially designated global terrorist.**"

4. This all came to light when, in early July 2017, Mr. Shaikh was rejected when trying to finance a Nissan Leaf automobile, despite his exemplary credit score of 844! Mr. Shaikh is a humble and proud U.S. Citizen, a father of two toddlers, a husband, and a hardworking hospital administrator. He is not a criminal or terrorist. However, when Mr. Shaikh contacted Experian multiple times to dispute Experian's reporting, Experian directed his calls to an overseas call center, acted curtly, and gave him the run around, telling him that

---

[1] *Dixon-Rollins v. Experian Inf. Solutions, Inc.,* 753 F. Supp. 2d 452 (E.D. PA Sept. 23, 2010) ($300,000 damages awarded); *Hassan v. United States Office of Foreign Assets Control,* No. 13-cv-1942-LKK-KJN (E.D. Cal. Aug. 22, 2014) (complaint relating to OFAC).

[2] The OFAC list is created and controlled by the United States Office of Foreign Assets Control,

COMPLAINT

he needed to contact the U.S. Office of Foreign Asset Controls ("OFAC"). And, when Mr. Shaikh contacted OFAC, it told Mr. Shaikh he needed to contact Experian, since Experian was the source reporting it. Experian then concealed from Plaintiff, in his credit report, that it lists him as a possible **specially designated global terrorist**.

5. Ever since, Mr. Shaikh has been living this nightmare, labeled falsely as a possible **specially designated global terrorist**, and he is unable to fix it.

6. As a result, Mr. Shaikh has suffered emotional distress, including lost credit opportunities, damage to his reputation, sleep problems, mental suffering, humiliation, loss of enjoyment in life, loss of concentration at work and home, anxiety and fear, among other negative emotions.

## II. JURISDICTION AND VENUE

7. Plaintiff repeats the foregoing paragraphs as if fully restated herein.

8. Experian is authorized to do business and does business in California.

9. Jurisdiction of this Court arises under Civil Procedure section 395(b).

10. Venue is proper in that the harm occurred here and Defendant transacts business here and has significant and substantial contacts with the state of California.

## III. PARTIES

11. Plaintiff repeats the foregoing paragraphs as if fully restated herein.

12. Plaintiff, Mohammad Noman Shaikh ("Mr. Shaikh"), is a natural person residing in Tracy, California.

13. Mr. Shaikh is a "person" as defined by Cal. Civil Code § 1785.3(j). Mr. Shaikh is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(b) and (c).

14. Defendant, Experian Information Solutions, Inc. ("Experian"), operates as one of the big three national credit reporting agencies ("CRA") in the U.S.

COMPLAINT

3

15. Plaintiff alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant employee and/or other representative of the other Defendants. In doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service of employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

16. Plaintiff is ignorant of the names and capacity of Defendants herein sued as Does 1-100, and therefore sues these Defendants by such fictitious names. When the true names and capacities of these Defendants becomes known, Plaintiff will amend this Complaint to include their true names and capacities and, if necessary, will seek leave to amend to add additional allegations against them. Plaintiff is informed and believes, and so alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in the Complaint, and that Plaintiff's damages were proximately caused by their conduct.

17. Defendant Experian, at all relevant times, was doing business in Alameda County and throughout California. Experian is a "consumer reporting agency" that compiles and maintains files on consumers on a nationwide basis, as defined by 15 U.S.C § 1681a(f) and a(p). Experian is a "consumer credit reporting agency" as defined by Cal. Civil. Code § 1785.3(d). Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity. In addition, Experian is regularly engaged in the business of each of the following: a) public record information and b) credit account information from persons who furnish that information regularly and in the ordinary course of business.

18. Experian has structured itself so as to warehouse its sale of credit reporting consumer reports in one entity and its sale of criminal history/watch list consumer reports in a second

COMPLAINT

4

entity. However, it freely transfers data between units and operates without any impediments of corporate structure. In almost every regard, Experian operates as if it is one and the same, a single "consumer reporting agency."

19. The data and reports Experian sells are used and expected to be used for multiple purposes governed by 15 U.S.C. § 1681b, and the public records data included in each report bears on the credit history, credit worthiness, reputation, personal characteristics and mode of living of each respective consumer

20. Experian's corporate headquarters is located at 475 Anton Blvd., Costa Mesa, California 92626.

## IV. MR. SHAIKH'S FACTUAL ALLEGATIONS

21. Plaintiff repeats the foregoing paragraphs as if fully stated herein.

**Experian is Regulated as a Consumer Reporting Agency Under the Federal and California Credit Reporting Laws**

22. Experian is regulated as a consumer reporting agency under the FCRA. Experian is also regulated as a consumer credit reporting agency ("CCRA") under the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 – 1787.3. The rights of consumers to inspect and correct consumer information sold about them are at the heart of the FCRA and the CCRAA.

**Experian Sells Information About Whether a Person is a Possible Terrorist, Despite Knowingly Having Inadequate Procedures to Prevent Innocent People From Being Harmed**

23. Experian traffics the reputations of ordinary people by selling millions of credit reports (known by credit reporting agencies as "consumer reports") each year.

COMPLAINT

5

24. Despite knowingly having inadequate procedures to prevent innocent people from being harmed, Experian continues to sell consumer reports to other third parties that are purported to identify whether a given consumer is a terrorist.

25. In identifying an individual as a possible terrorist, Experian uses another source's information, the United State's Office of Foreign Assets Control national database. This list identifies designated named terrorists, narcotic criminals, and money launderers. This is also known as the OFAC list. The critical and fundamental problem is Experian routinely misidentifies innocent people as possible terrorists by incorrectly matching someone that is legitimately on the OFAC watch list (a real terrorist) with someone that simply has a similar name (who is not a terrorist). This known defect in its product and service continues to cause grave harm to innocent people.

26. Indeed, Experian advertises its ASSIST//Watchlist services as follows, stating that it:

Provides an integrated list matching capability that can potentially reduce the number of false positives. This module includes the **Office of Foreign Assets Control (OFAC) list** by default and can easily be customized to use any sanction or negative lists, including 314A and most Political Exposed Persons lists.

Integrated into the ASSIST//ck platform, the watch list screening module provides detailed information on the match and case management, including an audit trail of all the matches and the review performed.

- Integrated scanning provides users with the ability to run the scanning of their customer portfolio against the list of the Office of Foreign Assets Control (OFAC)
- Case management functionality to handle matches as an alert
- Alerts engine provides match control and recurrence to avoid re-visiting false positives, personalized lists and matching algorithm

COMPLAINT

Customer scoring for onboarding and for ongoing risk assessment

ASSIST//Watchlist[SM] is a flexible and robust module that complements the ASSIST//ck® 7.0 monitoring platform and the ASSIST//ck Score Module."[3]

27. Experian fails to maintain and follow reasonable procedures to assure the maximum possible accuracy of this highly sensitive information (**people's lives and reputations**) before it sells such a report to any third party. Thus, it **routinely misidentifies innocent consumers**, such as Mr. Shaikh, as criminals or terrorists, drug traffickers, money launderers, and other enemies of the United States who are **_actually_** on the OFAC list.

28. Merchants and other businesses, such as car dealerships, property management companies, landlords, financial instructions, and mortgage lenders that receive consumer reports with OFAC alerts on them have refused to do business with such consumers mistakenly identified as possible terrorists by Experian.

29. Criminal background information and OFAC terrorist list information are subject to the FCRA's maximum possible accuracy standard. *See* 15 U.S.C. 1681e(b).

**Experian Falsely Published That Mr. Shaikh is a Possible Global Terrorist**

30. On or about July 6, 2017, Mr. Shaikh applied for financing to obtain a Nissan Leaf from Nissan LLC d/b/a Dublin Nissan, in Dublin, California ("car dealer"). Around that same time, the car dealer ordered an Experian consumer report regarding Plaintiff after obtaining the Plaintiff's name, address, social security number, and date of birth, which Plaintiff provided as part of his credit application, and which the car dealer transmitted to Experian in seeking a credit report about Plaintiff.

---

[3] www.experian.com/decision-analytics/watchlist-screening.html

COMPLAINT

31. Despite having been provided with Plaintiff's name, address, social security number, and date of birth, Experian used a partial "name only" match in determining whether Plaintiff was on the OFAC list.

32. Plaintiff was informed by representatives at the car dealer, after they reviewed his Experian consumer report, that it refused to extend him credit since there was an "OFAC alert" and he was listed as a "possible terrorist." Plaintiff understood this to mean he had been identified as a **global terrorist**.

33. The car dealer refused to extend credit to Mr. Shaikh because businesses in the United States are generally prohibited from dealing with anyone listed on OFAC's specially designated national and blocked persons list. *See e.g.* 31. C.F.R. §536.201.

34. Representatives of the car dealership showed Plaintiff a copy of the Experian consumer report they reviewed in making their credit determination.  The report falsely identified background information, including the possibility of being on the OFAC terrorist watch list, for a "Qari Muhammad Yaqoob Sheikh," who is not Mohammad Noman Shaikh, Plaintiff herein.

35. Experian's credit report alerted the car dealer that Mr. Shaikh was a possible match to "Qari Muhammad Yaqoob Sheikh" with a date of birth, showing on one page, of September 4, 1950, and a date of birth, showing on another page, of December 20, 1972.

36. The alert also showed a location associated with Plaintiff of 2 Chamberlain Road, Lahore, Pakistan, zipcode 00268.

37. Plaintiff's personal identifying information is absolutely not similar, and bears no resemblance whatsoever to personal identifying information for the terrorist listed on the OFAC terrorist watch list, which is readily available on the U.S. Treasury Department's OFAC list, and Experian should not have reported him as a possible match.

38. The name Qari Muhammad Yaqoob Sheikh is not similar to Plaintiff's name, Mohammad Noman Shaikh.  Indeed, Plaintiff's first name, Mohammad is not spelled the same as the

COMPLAINT

1    individual on the terrorist watch list. And Mohammad is as common as a name as Chris, or

2    Mary, or Jesus; by some counts it is the most popular name in the world. Also, Plaintiff's

3    last name, Shaikh is not spelled the same as the individual on the terrorist watch list. And

4    Shaikh is as common as a surname as Smith, Martinez, Singh, or Jackson.

5    39. Plaintiff is not "Qari Muhammad Yaqoob Sheikh," or related to any such a person, was not

6        born in Lahore, Pakistan, never lived in Lahore, Pakistan, and he is not on the OFAC

7        terrorist watch list.

8    40. Defendant also falsely matched Plaintiff with a place of birth associated with the specially

9        designated global terrorist of Bahawalpur, Punjab, Pakistan. **OFAC spelled it this way**

10   41. Plaintiff's date of birth does not match that of "September 4, 1950" or "December 20,

11       1972" and is not similar. In fact, Plaintiff's date of birth is almost thirty **(30) years** later

12       than the September 1950 date of birth listed for his "match" and is not even the same

13       month or day, as listed on the actual OFAC terrorist watch list for "Qari Muhammad

14       Yaqoob Sheikh." Instead, Plaintiff was born on August 1, 1979.

15   42. Defendant also falsely matched Plaintiff with a Passport BX5192361, and National ID No.

16       3120128002365.

17   43. All of this information, and more, was available to Experian before it sold its report about

18       Plaintiff to the car dealership.

19   44. Nevertheless, Experian identified Plaintiff as a possible match to the suspected terrorist

20       named "Qari Muhammad Yaqoob Sheikh" who is actually on the OFAC terrorist watch

21       list.

22   45. As a result of the false and inaccurate information reported by Experian and produced to

23       the car dealership, Plaintiff was rejected for a car loan on or around July 6, 2017.

24   46. Experian's OFAC information report about Mr. Shaikh is not true, accurate, or reliable.

25

COMPLAINT

47. Experian's OFAC information misapplied to Mr. Shaikh harmed his reputation and caused him fear, anxiety and emotional distress, among other negative emotions, as mentioned above.

48. Shocked and in fear, Plaintiff promptly called Experian to dispute the erroneous reporting of his purported inclusion on the OFAC list. Plaintiff's calls were transferred thousands of miles away to an overseas call center, and was told that any type of OFAC terrorist alert or any related information was not showing up on his credit report. And then proceeded to tell him to contact the U.S. Treasury Department's, Office of Foreign Assets and Control office. Plaintiff managed to promptly call OFAC, and tried to dispute this information. But he was then told he needed to contact Experian, since Experian was the company that was falsely matching him to the OFAC list.

49. Plaintiff has reviewed a recent Experian credit report, dated July 19, 2017. There is no sign of the false OFAC **terrorist alert** or related information whatsoever showing on this credit report. Experian has concealed this devastating information from the very person Congress required it to protect.

50. Plaintiff has been unable to resolve this and continues to live in fear and with emotional distress, being labeled with the special designation as a **possible global terrorist.**

**Juries in Northern California, The Ninth Circuit, and Other Circuit Courts, Recognize the Grave Harm False and Reckless Background Checks Have on Innocent People's Lives**

51. Just recently, a San Francisco Jury in the Northern District Court of California found a national credit reporting agency liable for over $60,000,000.00 in punitive damages for falsely reporting and misidentifying innocent people as possible terrorists.[4]  Similarly, the

---

[4] http://www.reuters.com/article/transunion-verdict-idUSL1N1J11ZA

COMPLAINT

10

1    Ninth Circuit Court of Appeals recently upheld an award of $250,000 actual damages for

2    the loss of reputation stemming from false credit reporting.[5]

3  52. Other Federal Appellate Courts have also weighed in on this issue. The Third Circuit

4    specifically ruled that terrorist alert "information in a consumer report and sold about a

5    consumer falls within the purview of the FCRA, and the 'maximum possible accuracy

6    standard.' Trans Union cannot escape that responsibility as easily as it suggests here.

7    Congress clearly intended to ensure that credit reporting agencies exercise care when

8    deciding to associate information with a given consumer, and the record clearly supports

9    the jury's determination that Trans Union did not exercise sufficient care here."[6]

10  53. In *Cortez*, the credit bureau misidentified the plaintiff in that case with someone on the

11    OFAC terrorist watch list. Similar to the case herein, the names were similar, but not

12    identical. And the named terrorist was 20 years younger than the Plaintiff.

13  54. Experian's reporting of terrorist alert information is neither accidental nor a result of simple

14    negligence. Instead, Experian's reporting of terrorist alert information is a result of

15    deliberately designed policies and procedures.

16  55. Despite being on notice that its procedures are faulty, Experian continues to use them,

17    which leads to mismatches, mixed files, mistakes, and innocent people being harmed.

18    Defendant Experian has acted with a willful, conscious and reckless disregard regarding

19    Plaintiff.

20
            **V.  FIRST CLAIM – CCRAA § 1785.14(b)**

21  56. Mr. Shaikh repeats the foregoing paragraphs as if fully restated herein.

22  57. Pursuant to Cal. Civ. Code § 1785.14(b), Experian is liable for violating the CCRA by

23    failing to follow reasonable procedures to assure "maximum possible accuracy" of the

24    credit report it sold, in violation of Cal. Civ. Code § 1785.14(b).

25

---

[5] *Kim v. BMW. Fin. Servs., NA, LLC*, 2017 U.S. App. LEXIS 13860 (9th Cir. July 31, 2017).
[6] *Cortez v. Trans Union, LLC*, 617 F.3d 688, 710 (3d Cir. 2010).
COMPLAINT

11

58. Experian has acted with a willful and conscious and reckless disregard regarding Plaintiff.

## VI.  SECOND CLAIM – FCRA § 1681e(b)

59. Mr. Shaikh repeats the foregoing as if fully restated herein.

60. At all relevant times, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

61. Experian's acts and omissions violated 15 U.S.C. § 1681e(b), including but not limited to, the following:

a)    Experian sells consumer reports that are purported to identify whether a given consumer is included in the Office of Foreign Assets Control, Specifically Designated National and Blocked Persons ("OFAC") list.  Experian willfully and negligently fails to maintain and follow reasonable procedures to assure the maximum possible accuracy of that information in its consumer reports about a given consumer's inclusion on the OFAC list before it sells such a report to any third party.  Thus, it routinely misidentifies innocent consumers such as Plaintiff as **terrorists**, narcotics traffickers, money launderers and other enemies of the United States who are *actually* on the OFAC list;

b)    Experian willfully and negligently failed to **maintain a procedure designed to assure maximum possible accuracy** of the information in its consumer reports about Plaintiff, in violation of 15 U.S.C. §§ 1681e(b), 1681n, and 1681o;

c) Experian willfully and negligently failed to **follow reasonable procedures to assure maximum possible accuracy** of the information concerning Plaintiff when it prepared a credit report of Mr. Shaikh.

COMPLAINT

62. As a direct result of Experian's unlawful conduct, Mr. Shaikh has suffered damages in an amount to be determined at trial.

63. Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above.  And as a result, Experian is liable to Mr. Shaikh for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law, including pursuant to 15 U.S.C. §§ 1681n and 1681o and Cal. Civil Code § 1785 *et seq.*

64. Experian acted with oppression and/or malice, thereby entitling Mr. Shaikh to punitive damages in an amount to be determined at trial.

65. Defendant Experian has acted with a willful and conscious and reckless disregard regarding Plaintiff.

### VII.  **THIRD CLAIM – FCRA § 1681g(a)**

66. Mr. Shaikh repeats the foregoing as if fully restated herein.

**The FCRA Requires that the Credit Reporting Agency Must Disclose Any OFAC Terrorist Information to the Consumer When the Consumer Requests His Credit Report**

67. The FCRA mandates that each credit reporting agency provide consumers with access to the information sold about them to third parties and also provide consumers with an opportunity to review and dispute any inaccuracies in their credit files. *See* 15 U.S.C. §§ 1681g(a) and 1681i(a).

68. Specifically, each credit reporting agency, such as Experian, is required by the FCRA to provide consumers with copies of their consumer files without charge every twelve months, after a credit denial and in other limited circumstances. *See* 15 U.S.C. §1681g(a).

COMPLAINT

13

69. The term "file," when used in connection with information on any consumer, means "*all of* the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." *See* 15 U.S.C. § 1681a(g) (emphasis added).

70. "Congress clearly intended the protections of the FCRA to apply to all information furnished or that might be furnished in a consumer report" and an FCRA 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Cortez*, 671 F.3d at 711-12 *(citing Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)).

71. In *Cortez*, the United States Court of Appeals for the Third Circuit held that "OFAC alerts" are part of a consumer's credit file and must be included in a file disclosure provided to the consumer. "We hold that information relating to the OFAC alert is part of the consumer's 'file' as defined in the FCRA." *Cortez*, *617* F.3d at 712.

72. In *Cortez*, the Court of Appeal rejected the credit reporting agency's argument that an OFAC alert is not part of its file on the consumer.

73. In *Cortez*, the Court of Appeal also rejected the credit reporting agency's argument that it does not have to disclose an OFAC alert in a consumer's file when that consumer asks for a disclosure (or commonly known as a credit report) of the contents of his/her file.

74. The United States Court of Appeals in *Cortez* held that the credit reporting agency was liable for failing to disclose OFAC alerts in consumer files. *Id. at* 712-713.

COMPLAINT

14

**Plaintiff's July 19, 2017 Credit Report Did Not Include Any OFAC Terrorist Alert Information, as Required by FCRA § 1681g(a)**

75. Mr. Shaikh's July 19, 2017 consumer file disclosure (also known as a credit report) included Plaintiff's personal identifying information, his account information, information about inquiries for his credit, including the credit inquiry by the car dealer, Dublin Nissan.

76. However, Mr. Shaikh's July 19, 2017 consumer file disclosure, did not include any OFAC terrorist alert or any information whatsoever, and thus was not a complete and proper file disclosure, as required by FCRA § 1681g(a).

77. As a result of Experian's failure to provide Plaintiff with all of the information it maintains and/or sells about him, specifically the OFAC alert information, Plaintiff was misled concerning the information that Defendant was falsely reporting about him to third parties.

78. As a direct result of Experian's unlawful conduct, Mr. Shaikh has suffered damages in an amount to be determined at trial.

79. Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above.  And as a result, Experian is liable to Mr. Shaikh for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law, including pursuant to 15 U.S.C. §§ 1681n and 1681o.

80. Defendant Experian acted with a willful, conscious and reckless disregard regarding Plaintiff's rights, willfully and negligently violating 15 U.S.C. § 1681g(a).

## VIII.  **FOURTH CLAIM – CCRAA § 1785.10**

81. Mr. Shaikh repeats the foregoing as if fully restated herein.

82. The above-mentioned reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

COMPLAINT

83. Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for willfully or negligently violating the CCRAA by failing to provide Plaintiff, upon his request, with a copy of his consumer credit report (also known as a consumer disclosure) containing all information on that consumer in violation of Cal. Civ. Code § 1785.10.

## IX.  FIFTH CLAIM – FCRA §1681i

84. Mr. Shaikh repeats the foregoing as if fully restated herein.

**The FCRA Requires Experian to Conduct an Investigation Upon a Consumer's Dispute that OFAC Terrorist Information is Falsely Showing on the Consumer's Report, Which Experian Failed To Do**

85. After obtaining and reviewing a copy of their files, consumes have the right to dispute any inaccurate information in their credit files, and to have errors corrected by the CRA, usually within 30 days of their disputes. *See* 15 U.S.C. § 1681i(a).

86. Plaintiff disputed multiple times directly to Experian to remove the false OFAC terrorist alert and any related information.

87. In *Cortez*, the Court of Appeal also rejected the credit reporting agency's argument that it does not need to reinvestigate or correct an erroneous OFAC alert that it has placed on a consumer's file.

88. The United States Court of Appeals in *Cortez* held that the credit reporting agency was liable for failing to reinvestigate and correct an OFAC alert erroneously attributed by the credit reporting agency to the wrong consumer. *Id. at* 712-713.

89. Defendant willfully or negligently failed to conduct a reasonable investigation, and failed to provide the results of any investigation, in violation of 15 U.S.C. sections 1681i, 1681i(a)(1), and 1681i(a)(6).

COMPLAINT

16

## X. PRAYER FOR RELIEF

WHEREFORE, Mr. Shaikh, respectfully prays that judgment be entered against Experian for the following:

A.  Statutory, actual and punitive damages; attorney's fees and costs;

B.  Statutory and actual damages pursuant to Cal. Civil Code § 1785.31;

C.  Actual and statutory damages pursuant to 15 U.S.C. § 1681n or § 1681o;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o, and Cal. Civil Code § 1785.31;

E.  Award punitive damages to deter further unlawful conduct pursuant to Cal. Civil Code § 1785.31 et seq.;

F.  Award punitive damages to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n;

G.  For declaratory, injunctive and other equitable relief; including an order directing Defendant to cease from any reporting of the above false information;

H.  For such other and further relief as may be just and proper; and

I.  Prejudgment and post-judgment interest at the legal rate

Respectfully submitted,

_____                      8/22/17
Counsel for Plaintiff                         Date

COMPLAINT

17

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mr. Shaikh demands trial by jury in this action.

_____        8/22/17
Counsel for Plaintiff                              Date

COMPLAINT

18

From: Ben Dupre        Fax: 1408) 727-5310         To:          Fax: 7610) 267-5709          Page 2 of 21 08/22/2017 3:33 PM

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Ben Dupre, SBN 231191<br>3567 Benton Street, #171<br>Santa Clara, CA 95051<br><br>TELEPHONE NO: 408-874-5300        FAX NO: 408-727-5310<br>ATTORNEY FOR (Name): Plaintiff | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>August 22, 2017<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Dajuana Turner, Deputy<br><br>CASE NUMBER:<br>**RG17872602** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 661 Washington Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94607
BRANCH NAME: Wiley W. Manual COurthouse

CASE NAME:
Mohammad Noman Shaikh v. Experian Information Solutions, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [✓] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive

4. Number of causes of action (specify):

5. This case [ ] is   [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:  8/22/17

BEN DUPIE
(TYPE OR PRINT NAME)                                    ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Dupre Law Firm
Attn: Dupre. Ben E.
1400 Coleman Ave #D12
Santa Clara, CA   95050

---

## Superior Court of California, County of Alameda

| | |
|---|---|
| Shaikh<br><br>                    Plaintiff/Petitioner(s)<br>              VS.<br><br>Experian Information Solutions , Inc<br>                    Defendant/Respondent(s)<br>                  (Abbreviated Title) | No. RG17872602<br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 01/09/2018<br>Time: 03:00 PM | Department: 517<br>      Location: Hayward Hall of Justice<br>                  3rd Floor<br>                  24405 Amador Street, Hayward  CA  94544<br><br>      Internet: www.alameda.courts.ca.gov | Judge: Stephen Pulido<br>Clerk: Kasha Clarke<br>Clerk telephone: (510) 690-2726<br>E-mail:<br>Dept517@alameda.courts.ca.gov<br>Fax: |

### ORDERS

1.  Plaintiff must:

    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b.  Give notice of this conference to all other parties and file proof of service.

2.  Defendant must respond as stated on the summons.

3.  All parties who have appeared before the date of the conference must:

    a.  Meet and confer, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b.  File and serve a completed *Case Management Statement* on Form CM-110  at least 15 days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c.  Post jury fees as required by Code of Civil Procedure section 631.

4.  If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5.  You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6.  You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7.  The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

---

Form Approved for Mandatory Use
Superior Court of California, County
of Alameda
ALA CIV-100 [Rev. 07-01-2015]

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER          Page 1 of 2

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/01/2017.

By _____

Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FILED BY FAX ONLY |
|---|---|
| Ronald Wilcox SBN 176601<br>Wilcox Law firm, P.C.<br>2021 The Alameda, Suite 200<br>San Jose CA 95126<br>(408) 506-2856<br>ATTORNEY FOR   Plaintiff | ALAMEDA COUNTY<br><br>October 19, 2017<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Alicia Espinoza, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>661 Washington St.<br>Oakland, CA 94607 | CASE NUMBER:<br>**RG17872602** |
|---|---|

| PLAINTIFF/PETITIONER:   Mohammad Noman Shaikh<br><br>DEFENDANT/RESPONDENT:   Experian Information Solutions, Inc | CASE NUMBER:<br>RG17872602 |
|---|---|

| Proof of Service of Summons | |
|---|---|

## BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   Summons
   Notice of Case Management Conference And Order
   Civil Case Cover Sheet
   Complaint (Demand For Jury Trial)

3a. Party Served:

   Experian Information Solutions, Inc

3b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):

   Gabriela Sanchez
   Authorized to Accept

4. Address where the party was served:

   818 W 7th St 930
   Los Angeles, CA 90017

5. I served the party:

   a. By personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party.

CONTINUED ON NEXT PAGE

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]

**Proof of Service of Summons**

Code of Civil Procedure, §417.10

**Billing Code:** n/a

Invoice No:      1768502